UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL ESKENASY, | Case No.  26-cv-06047-VKD |
| Plaintiff, | **ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; STAYING SERVICE OF PROCESS; AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915** |
| v. | |
| LINKEDIN CORPORATION, et al., | |
| Defendants. | Re: Dkt. Nos. 1, 2 |

On June 18, 2026, plaintiff Michael Eskenasy, who is representing himself, filed a complaint and application to proceed *in forma pauperis* ("IFP").  Dkt. Nos. 1, 2.

The Court grants Mr. Eskenasy's IFP application.  Having screened Mr. Eskenasy's complaint pursuant to 28 U.S.C. § 1915(e), however, the Court finds that the complaint fails to state sufficient facts supporting federal subject matter jurisdiction and fails to state a claim for relief.  The Court stays service of process and gives Mr. Eskenasy until **August 7, 2026** to file an amended complaint that addresses the deficiencies identified in this order.  If Mr. Eskenasy fails to file an amended complaint in time, or if the amended complaint fails to cure the defects described in this order, the Court may issue an order reassigning the case to a district judge with a recommendation that the complaint be dismissed for lack of federal subject matter jurisdiction and failure to state a claim.

I.      IFP APPLICATION

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security.  *See* 28 U.S.C. § 1915(a).  A court may dismiss a case filed without

United States District Court
Northern District of California

the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  The screening requirement of § 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.  *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Castro v. Pascual*, No. 20-cv-01090-BLF, 2020 WL 733127, at *1 (N.D. Cal. Feb. 13, 2020) (same).

Mr. Eskenasy's IFP application indicates that he satisfies the economic eligibility requirement of 28 U.S.C. § 1915.  The Court therefore grants his IFP application.

## II.    REVIEW OF COMPLAINT

### A.    Legal Standard

While pro se pleadings are liberally construed, a complaint does not state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6).  A complaint must include facts that are "more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Only plausible claims for relief will survive a motion to dismiss. *Id*. at 679. A claim is plausible if the facts pled permit the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*.

As a threshold matter, the Court must examine whether it has jurisdiction over the claims alleged before considering whether the complaint states any claims on which relief may be granted. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).").

### B.    Mr. Eskenasy's Claims

According to the complaint, Mr. Eskenasy is the "founder and architect of ChefreyOS, a

United States District Court
Northern District of California

Human Cognitive Infrastructure system and body of work focused on context preservation, coordination, memory, judgment, professional execution, and the operational problem created by fragmented digital tools and platforms." Dkt. No. 1 ¶ 3. Defendants are LinkedIn Corporation ("LinkedIn"), Microsoft Corporation ("Microsoft"), and 25 Doe defendants. *Id.* ¶¶ 21-27. Mr. Eskenasy alleges that he "observed third-party LinkedIn content that appeared relevant to authorship, provenance, framework, terminology, language, or comparison issues involving ChefreyOS and Human Cognitive Infrastructure." *Id.* ¶ 5. Mr. Eskenasy alleges that the record "raises a serious authorship/provenance concern." *Id.* ¶ 8.

Mr. Eskenasy further alleges that when he "attempted to address the authorship/provenance concern, [p]laintiff encountered LinkedIn account-access friction." *Id.* ¶ 66. Specifically, Mr. Eskenasy claims that LinkedIn temporarily restricted his access to his LinkedIn account and made him undergo "a security check" and "identity verification as a condition of account access." *See id.* ¶¶ 67-74. He further alleges that he encountered errors when attempting to verify his identity. *Id.* ¶¶ 75-79. Mr. Eskenasy alleges that LinkedIn's identity verification process "imposed a sensitive burden on [p]laintiff and created a barrier to account access." *Id.* ¶ 83.

According to the complaint, Mr. Eskenasy "does not allege at this stage that copying, theft, misappropriation, retaliation, suppression, or intentional misconduct has already been proven," and he "does not allege as established fact that LinkedIn intentionally suppressed, shadow-banned, or visibility-limited [p]laintiff." *Id.* ¶¶ 7, 86; *see also id.* ¶¶ 190-200. Rather, Mr. Eskenasy claims that he "brings this action to preserve the record" and that LinkedIn's and Microsoft's records are "necessary to determine what happened." *Id.* ¶¶ 8, 16. Mr. Eskenasy alleges that Microsoft, as the parent or corporate affiliate of LinkedIn, "may possess, control, receive, govern, supervise, access, or have remediation authority over relevant LinkedIn systems, data, records, policies, affiliate systems, infrastructure, account systems, identity-verification systems, legal systems, support systems, or platform governance." *Id.* ¶ 23.

The complaint asserts ten claims: (1) breach of contract against LinkedIn; (2) breach of implied covenant of good faith and fair dealing against LinkedIn; (3) violation of California's unfair competition law, Cal. Bus. & Prof. Code § 17200, against LinkedIn and Microsoft; (4)

3

declaratory relief against LinkedIn and Microsoft; (5) injunctive and equitable relief against LinkedIn and Microsoft; (6) equitable record review/accounting/preservation against LinkedIn and Microsoft; (7) negligent platform process/negligent handling against LinkedIn; (8) negligence/equitable relief regarding identity-verification process against LinkedIn and Doe defendants; (9) business, professional, and reputational harm according to proof against LinkedIn and Microsoft; and (10) protection of confidential ChefreyOS materials. *Id.* at 6-10.

Mr. Eskenasy seeks damages, declaratory relief, injunctive relief, and pre- and post-judgment interest. *Id.* at 10-11.[1]

### C.    Subject Matter Jurisdiction

For a case to proceed in federal court, the Court must have subject matter jurisdiction over the claims alleged. "It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978); *see also Ngoc Lam Che v. San Jose/Evergreen Cmty. Coll. Dist. Found.*, No. 17-cv-00381-BLF, 2017 WL 2954647, at *2 (N.D. Cal. July 11, 2017) ("Limits upon federal jurisdiction must not be disregarded or evaded.").

Mr. Eskenasy asserts that the Court has jurisdiction in this matter under 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction). Federal district courts have diversity jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332(a). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016).

The complaint does not allege sufficient facts to establish diversity jurisdiction. First, Mr. Eskenasy alleges that he is a citizen of Idaho and that LinkedIn and Microsoft are not citizens of Idaho. Dkt. No. 1 ¶¶ 31-32. However, as Mr. Eskenasy does not affirmatively allege the citizenship of LinkedIn or Microsoft, he has not adequately alleged diversity of citizenship. *See*

---

[1] The "initial exhibit list/evidence preservation index" filed with the complaint refers to exhibits that were not, in fact, filed with the Court. *See* Dkt. No. 1 at 11; Dkt. No. 1-1.

United States District Court
Northern District of California

United States District Court
Northern District of California

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *see also Fan v. Cal. Univ. - Silicon Valley*, No. 25-cv-07860-VKD, 2025 WL 3068072, at *2 (N.D. Cal. Nov. 3, 2025) (finding that plaintiff failed to establish diversity jurisdiction because she did "not allege the citizenship of each of the parties").

Second, the complaint does not contain any factual allegations regarding the amount in controversy. While Mr. Eskenasy alleges that the "amount in controversy exceeds $75,000," *see* Dkt. No. 1 ¶¶ 30, 33, these allegations are conclusory and do not provide any factual basis from which the Court may infer that Mr. Eskenasy has satisfied the amount-in-controversy requirement. *See Watters v. Parviz*, No. 23-35601, 2024 WL 5423073, at *3 (9th Cir. Feb. 21, 2025) (plaintiff's speculation "that 'special and punitive damages could be well into the hundreds of thousands of dollars'" was insufficient to meet amount-in-controversy requirement where "the complaint itself contained no allegations that could justify the same.").

Accordingly, the Court finds that Mr. Eskenasy's complaint does not adequately plead federal subject matter jurisdiction.

### D.      Failure to State a Claim

Even if Mr. Eskenasy could amend the complaint to adequately plead federal subject matter jurisdiction, the complaint does not plausibly allege any viable claims for relief. According to the complaint, Mr. Eskenasy "does not presently allege" that LinkedIn or Microsoft "copied ChefreyOS," "stole [p]laintiff's work," "retaliated against [p]laintiff," "intentionally suppressed [p]laintiff's visibility," or "shadow-banned" plaintiff. *See* Dkt. No. 1 ¶¶ 190-197. Rather, the complaint is based on Mr. Eskenasy's speculation that he *may* have a claim because "the preserved record raises a serious authorship/provenance concern" and that LinkedIn's and Microsoft's records are "necessary to determine what happened." *Id.* ¶ 8. The complaint does not identify Mr. Eskenasy's work at issue nor which LinkedIn materials raise "authorship" concerns. Mr. Eskenasy pleads no facts showing that he is entitled to an evidence preservation order or other relief. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief

5

above the speculative level . . . ." (citation omitted)).

To the extent that Mr. Eskenasy brings this action because he is having difficulty accessing his LinkedIn account, he likewise fails to state a claim. The complaint identifies no obligations, contractual or otherwise, that any defendant owes to Mr. Eskenasy and breached. *See Baldwin Kennedy v. Meta Platforms Inc.*, No. 23-cv-06615-HSG, 2025 WL 1935433, at \*1, \*4 (N.D. Cal. June 5, 2025) (dismissing claims asserting various theories, where plaintiff alleged defendant failed to help her restore access to her Facebook account and denied her request for a verification checkmark on her Instagram account, but identified no duty owed by defendant); *King v. Facebook, Inc.*, No. 19-cv-01987-WHO, 2019 WL 6493968, at \*2 (N.D. Cal. Dec. 3, 2019) (dismissing breach of contract claim against Facebook where plaintiff failed to identify the specific provision at issue), *aff'd*, 845 F. App'x 691 (9th Cir. 2021).

Accordingly, the Court finds that Mr. Eskenasy fails to plausibly allege a claim for relief.

## III.   CONCLUSION

For the reasons discussed above, Mr. Eskenasy's complaint fails to establish federal subject matter jurisdiction and fails to state a claim for relief. Given the nature of Mr. Eskenasy's claims, the Court is skeptical that Mr. Eskenasy could amend the complaint to establish federal subject matter jurisdiction or to state a plausible, non-speculative claim for relief against defendants. However, in view of Mr. Eskenasy's pro se status, the Court will give him an opportunity to file an amended complaint if he believes he can cure these defects. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The amended complaint must be filed **no later than August 7, 2026** and must include the caption and civil case number used in this order, Case No. 26-cv-06047-VKD, and the words "FIRST AMENDED COMPLAINT" on the first page. Mr. Eskenasy is advised that the first amended complaint will supersede the original complaint, the latter being treated thereafter as non-existent. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

If Mr. Eskenasy fails to file an amended complaint in time, or if the amended complaint fails to cure the defects described in this order, the Court may issue an order reassigning the case to a district judge with a recommendation that the complaint be dismissed for lack of federal

6

subject matter jurisdiction and failure to state a claim for relief.

Additionally, Mr. Eskenasy is informed that the Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to self-represented litigants in federal cases. Information regarding the Pro Se Program can be found at https://cand.uscourts.gov/representing-yourself/federal-pro-se-program-san-jose-courthouse. Appointments may be scheduled by calling 408-297-1480. Mr. Eskenasy is also encouraged to obtain a copy of the Handbook for Pro Se Litigants, available at https://cand.uscourts.gov/pro-se-handbook/.

**IT IS SO ORDERED.**

Dated: July 8, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California